UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
02-CV-219(JMR/FLN)

Citizens for a Balanced City, George Roerhdanz, Tom Bisson, Becky C. Olson, Manuel Lavin, Rita Lavin, Lynne Lowder, Lyle Delawiche, Johanna Delawiche, Terry Erickson, Tom Berthiaume, John Cevette, and Cathie O'Rourke

v.

Plymouth Congregational Church, Plymouth Church Neighborhood Foundation, and the City of Minneapolis

ORDER

This matter, having been fully briefed and argued, is before the Court on cross-motions for summary judgment. After reviewing the case, and for the reasons set forth below, the Court finds it is without jurisdiction to decide this dispute. Accordingly, the case is remanded to the Hennepin County District Court.

I. Background

Plaintiffs are residents of the Whittier and Stevens Square-Loring Heights neighborhoods in Minneapolis, Minnesota. They ask the Court to halt the development of "Lydia House," a real estate development project to be located at 1920 LaSalle Avenue just south of downtown Minneapolis sponsored by the Plymouth Church Neighborhood Foundation. The development plan calls for conversion of a former nursing home into efficiency apartments for previously-homeless and disabled people. If completed, Lydia House will also provide on-site social services to its residents. Plaintiffs brought this lawsuit in Hennepin County District Court to stop the

FILED
RICHARD D. SLETTEN, CLERK
SEP - 5 2002
JUDGEMENT ENTERED SEP - 5 2002
DEPUTY CLERK'S INITIALS

project. They sued the Plymouth Congregational Church, the Plymouth Church Neighborhood Foundation, and the City of Minneapolis. Thereafter, defendants removed the suit to federal court pursuant to 28 U.S.C. § 1446, asserting federal question jurisdiction. All parties now seek summary judgment.

II. Discussion

The Court, as it must, considers its own jurisdiction. Andrus v. Charlestone Stone Products Co., 436 U.S. 604, 608 n.6 (1978) (federal courts are obligated to raise the issue of subject-matter jurisdiction sua sponte). Upon doing so, the Court finds it lacks subject matter jurisdiction, and must therefore remand this case to the Hennepin County District Court. Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")

This suit was filed in state court, and removed by defendants to federal court, ostensibly pursuant to 28 U.S.C. § 1446. Defendants' notice of removal contends the Court has federal question jurisdiction, because plaintiffs "assert claims" under the Federal Fair Housing Act, 42 U.S.C. § 3601 et seq. Notice para. 2. But the Court's review of the complaint reveals no federal claim.

The face of the complaint avers that the suit is premised on Minn. Stat. § 462.361, subd. 1, which provides for judicial review of certain municipal decisions. The Court recognizes that the City based one of its challenged decisions -- the granting of a waiver

of its zoning ordinance prohibiting new supportive housing facilities within one quarter mile of existing supportive housing facilities -- upon the City's view of the Fair Housing Act of 1968 ("FHA"), 42 U.S.C. § 3601 et seq., as amended by the Fair Housing Amendments Act of 1988 ("FHAA"), Pub. L. 100-430, 102 Stat. 1619 (1988). Regardless of whether the City's interpretation of federal law is correct or not, it is the basis of the City's defense to this decision. But federal law is not a constituent part of any of plaintiffs' claims.

In fact, plaintiffs' memorandum in opposition to the City's motion for summary judgment makes clear they not seek any redress under the Fair Housing Act or its 1988 Amendments. They explain:

> Citizens' claims are not based on discrimination, requiring standing under the FHAA. Citizens' claims are based on the City's zoning decisions. Therefore, Citizens' standing under the FHAA is not relevant to this litigation.

Memorandum p.4 n.1.

A federal court reviews its jurisdiction in light of the well-pleaded complaint rule, which provides that any federal question must appear on the face of the complaint, not in an answer, in order to establish jurisdiction. See, e.g., Duckson v. Lake Bank, N.A., 139 F. Supp. 2d 117, 118 (D. Minn. 2001). Thus, a case cannot be removed to federal court when the federal question is pled as part of a defense or counterclaim. Id. Here, plaintiffs essentially complain the City has failed to follow its own law. The only federal question is presented in the City's defense, as

defendants contend the City was required to waive its spacing ordinance to comply with the Fair Housing Act and its 1988 Amendments.[1]

The Court recognizes that the crux of this controversy is the interpretation of federal law -- specifically, whether the FHA and FHAA require a waiver of the City's spacing ordinance in this instance. Indeed, the complaint alludes to this question, and it was the primary focus at oral argument. But a case may not be removed to federal court on the basis of a federal question defense, even when the defense is anticipated in the plaintiff's complaint and is the only question truly at issue in the case. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (quotation omitted). Such is the rule of the well-pled complaint.

Accordingly, the Court lacks subject matter jurisdiction, and IT IS ORDERED that:

The case is remanded to the Hennepin County District Court.

Dated: August 30th, 2002

JAMES M. ROSENBAUM
United States Chief District Judge

---

[1]The Fair Housing Amendments Act of 1988 expressly provides that any state law "that purports to require or permit any action that would be a discriminatory housing practice under this subchapter shall to that extent be invalid." 42 U.S.C. § 3615.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

> ***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.